**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RONALD LAMONT SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-457-JCH |
| ) | |
| EASTERN DISTRICT OF MISSOURI ) | |
| FEDERAL COURT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Ronald Lamont Sutton for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the file, plaintiff will be required to inform the Court, in writing, whether he was incarcerated on the date he filed the instant action.

On April 6, 2021, plaintiff filed this action in the United States District Court for the Western District of Missouri. ECF No. 1. The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b). ECF Nos. 5, 6. In the transfer Order, the Western District considered the fact that plaintiff is "currently [] confined at the Northeast Correctional Center in Bowling Green, Missouri." ECF No. 5 at 1.

Plaintiff's complaint is drafted on a 'Prisoner Civil Rights' form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the section designated to state his name and address, plaintiff provides his inmate registration number 521309 and indicates he is incarcerated at the Northeastern Correctional Center ("NCC"). *Id.* at 2. Notably, however, the return address on the envelope plaintiff used to mail his complaint is a residential address located in Kennett, Missouri. *Id.* at 1-1. In the space reserved to state his prisoner status, he checks the box for "other" and writes "false

violation, etc. probation and parole, false imprisonment[.]" *Id.* Thus, it is unclear to the Court whether plaintiff was incarcerated at the time he filed the instant complaint or was released on parole or probation.

Plaintiff prisoner status is critical to how this Court must proceed in this action because he has filed at least three civil cases during his incarceration which were dismissed as frivolous, malicious, or for failure to state a claim. *See Sutton v. Dunklin Cty. Jail*, No. 1:09-CV-184-SNLJ (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 15, 2010, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failing to state a claim upon which relief could be granted); *Sutton v. Dolan*, No. 1:09-CV-185-LMB (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 27, 2010, under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sutton v. State of Mo., et al.*, No. 1:18-CV-41-NCC (E.D. Mo. Feb. 20, 2018) (dismissed June 8, 2018, under 28 U.S.C. § 1915(e)(2)(B)); *Sutton v. Maddox, et al.*, No. 4:19-CV-208-HEA (E.D. Mo. Feb. 11, 2019) (dismissed Aug. 15, 2019, under 28 U.S.C. § 1915(e)(2)(B)).

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). The Court notes that Plaintiff's complaint alleges he has been denied due process and has been discriminated against through various proceedings in federal court. Such allegations do not meet the imminent danger exception to the three strikes rule.

Consequently, if plaintiff was incarcerated at the time of filing the complaint in this instant action, the PLRA applies, and he may not be permitted to proceed *in forma pauperis*. *See In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997 ("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); *Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143, 155 (2d Cir. 2009) (the "text of the PLRA . . . is most naturally read as referring solely to a plaintiff's status at the time of filing, not at subsequent stages of the proceedings"). If, however, plaintiff was not incarcerated at the time of filing the complaint, the PLRA three strike rule will not be applicable to the instant action. *See Cofield v. Bowser*, 247 F. App'x 413, 414 (4th Cir. 2007) ("A former inmate who has been released is no longer 'incarcerated or detained' for the purposes of . . . the PLRA").

Plaintiff will therefore be directed to file a written response to this Memorandum and Order informing the Court as to whether he was incarcerated on the date he filed the instant action. If plaintiff was released on probation or parole prior to the filing the instant action, he is instructed to include the date of his release.

Accordingly,

**IT IS HEREBY ORDERED** that within **twenty-one (21) days of the date of this Memorandum and Order**, plaintiff shall submit a written statement to the Court as to whether

3

plaintiff was incarcerated on the date this action was commenced and, if not, the exact date of his release from prison. If plaintiff was reincarcerated after his release due to a probation or parole violation, he must also include the date he was taken into custody.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail this Memorandum and Order to both the Northeast Correctional Center in Bowling Green, Missouri **and** 404 North Walnut Street Kennett, Missouri 63857.

Dated this __4th____ day of May, 2021.

\s\  Jean C. Hamilton

_____
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE