UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD LAMONT SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-457-JCH |
| | ) |
| EASTERN DISTRICT OF MISSOURI | ) |
| FEDERAL COURT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On May 4, 2021, the Court ordered self-represented plaintiff Ronald Lamont Sutton to inform the Court, in writing and within twenty-one (21) days, whether he was incarcerated on the date he filed his complaint. ECF No. 7. Plaintiff has not complied as directed, and the time for doing so has passed. Consequently, this action will be dismissed without prejudice for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b). Furthermore, as discussed below, plaintiff's complaint is subject to dismissal because it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2).

### Background

On April 6, 2021, plaintiff filed this action in the United States District Court for the Western District of Missouri. ECF No. 1. With his complaint, plaintiff requested leave to proceed *in forma pauperis* without payment of court fees or costs. The case was subsequently transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), in part because plaintiff was "currently [] confined at the Northeast Correctional Center in Bowling Green, Missouri." ECF No. 5 at 5. In the transfer Order, the Western District declined to make a determination regarding the filing fee. *Id.*

Plaintiff's complaint was drafted on a 'Prisoner Civil Rights' form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the section designated to state his name and address, plaintiff provided his inmate registration number and indicated he was incarcerated at the Northeastern Correctional Center ("NCC"). *Id.* at 2. In the space reserved to state his prisoner status, plaintiff checked the box for "other" and wrote "false violation, etc. probation and parole, false imprisonment[.]" *Id.* The return address on the envelope plaintiff used to mail his complaint was a residential address located in Kennett, Missouri. *Id.* at 1-1; ECF No. 7 at 1.

On May 4, 2021, the Court issued a Memorandum and Order informing plaintiff that his complaint was unclear as to whether he was incarcerated at the time he filed his complaint or if he was released on parole or probation. His prisoner status is critical to the disposition of this action because he previously filed at least three civil cases while he was incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim. *See Sutton v. Dunklin Cty. Jail*, No. 1:09-CV-184-SNLJ (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 15, 2010, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failing to state a claim upon which relief could be granted); *Sutton v. Dolan*, No. 1:09-CV-185-LMB (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 27, 2010, under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sutton v. State of Mo., et al.*, No. 1:18-CV-41-NCC (E.D. Mo. Feb. 20, 2018) (dismissed June 8, 2018, under 28 U.S.C. § 1915(e)(2)(B)); *Sutton v. Maddox, et al.*, No. 4:19-CV-208-HEA (E.D. Mo. Feb. 11, 2019) (dismissed Aug. 15, 2019, under 28 U.S.C. § 1915(e)(2)(B)).

As a result of plaintiff's prior civil filings and dismissals, the Court informed him that if he was incarcerated at the time he filed the instant action he would be subject to the "three strikes" provision of 28 U.S.C. § 1915(g), which provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

ECF No. 7 (citing 28 U.S.C. § 1915(g)). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee.[1] *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). In the Court's review of plaintiff's complaint, the Court determined his allegations did not meet the imminent danger exception to the three strikes rule. ECF No. 8 at 3.

The Court informed plaintiff that in the event he was not incarcerated at the time of filing his complaint, he would not be subject to the three strikes rule and would be eligible to proceed *in forma pauperis* in this action. Consequently, plaintiff was directed to file a written response to the May 4, 2021 Memorandum and Order informing the Court as to whether he was incarcerated on the date he filed his complaint. If plaintiff was released on probation or parole, he was instructed to include the date of his release within his written response. The Court directed the Clerk of Court to mail the May 4, 2021 Memorandum and Order to the NCC in Bowling Green, Missouri, as well as the Kennett, Missouri residential address listed on the envelope plaintiff used to mail his complaint. ECF No. 7 at 4.

On June 1, 2021, the Memorandum and Order sent to plaintiff at the NCC was returned to the Court marked "return to sender," "not deliverable as addressed," and "unable to forward." ECF

---

[1] Plaintiff previously filed cases in this Court which have been dismissed without prejudice pursuant to the three strikes rule. *See e.g.*, *Sutton v. Jacques, et al.*, *1*:20-cv-163-PLC (dismissed on Oct. 23, 2020), *Sutton v. Corizon Health, et al.*, 1:20-cv-160-HEA (dismissed on Oct. 29, 2020), *Sutton v. Karshner, et al.*, 1:20-cv-14-SPM (dismissed on July 9, 2020), and *Sutton v. St. Francis Medical Center, et al.*, 1:19-cv-212-SPM (dismissed on Dec. 5, 2019).

No. 8. The mailing sent to the Kennett, Missouri address was not returned and, thus, presumed to have been received.

**Discussion**

To date, plaintiff has not responded to the May 4, 2021 Order directing him to inform the Court, in writing, whether he was incarcerated on the date he filed his complaint. Plaintiff was advised that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. ECF No. 7 at 4. As a result, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's Order and his failure to prosecute this case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Moreover, the Court notes that even if plaintiff had timely responded and was not incarcerated at the time of filing, his complaint would be subject to dismissal because it fails to state a claim. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff filed this action against the "Eastern District of Missouri Federal Court, all employees and clerks plus Judges" and "Schaefer Michelle, Clerk of Court." Included with complaint is a 16-page handwritten statement of the claim. The handwritten portion is presented in a disorganized, lengthy, and repetitive fashion, making it difficult for the Court to decipher.

Within his statement of the claim, plaintiff cites to two of his previously filed civil cases, *Sutton v. Daniels, et al.*, Case No. 4:19-cv-208-HEA, and *Sutton v. Dunklin County, et al.*, Case

No. 1:19-cv-106-HEA, which were both dismissed for failure to state a claim on August 15, 2019 and February 28, 2020, respectively. Plaintiff appealed the latter case, which the Eighth Circuit Court of Appeals dismissed on July 8, 2020 for failure to pay the filing fee. Plaintiff appears to assert that those cases, as well as other cases he has filed, were dismissed with an "evil intent" after "hiding evidence." Plaintiff also appears to argue that the Eastern District of Missouri and all the judges and clerks employed by the Court are subject to "municipal liability" for denying him due process and subjecting him to cruel and unusual punishment. For relief, plaintiff seeks 56 trillion dollars.

Plaintiff's claims against the United States District Court are barred by the doctrine of sovereign immunity. "Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 2020 WL 5104268, at *1 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See VS Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity . . . it is well established that waivers are not implied"). Sovereign immunity also "bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress. *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993). Plaintiff, here, has not shown a

basis upon which sovereign immunity has been expressly waived for his alleged claims against the Eastern District of Missouri.

Plaintiff's claims against "all Judges" are also subject to dismissal. A judicial officer, exercising the authority in which he or she is vested, is provided with immunity from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). "[A] judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019).

Two exceptions exist to a judge's immunity. First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Id.* In this case, plaintiff has presented no allegations tending to show that any judges in the Eastern District of Missouri took a non-judicial action or acted in the complete absence of jurisdiction. Rather, plaintiff's contention is that his cases should not have been dismissed. "Judicial immunity is meant to protect judges from when making decisions during a case, even if their decisions were malicious, corrupt, or erroneous." *Dinkins v. State of Mo.*, No. 42020 WL 5878034, at *11 (E.D. Mo. Oct. 1, 2020), *aff'd sub nom.*, 2021 WL 1747892 (8th Cir. 2021).

Similarly, acts occurring in the furtherance of a clerk's judicial duties are protected from liability by judicial immunity. "[T]he filing of complaints and other documents is an integral part of the judicial process" and clerks of a court are "protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks." *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir.1989) (finding that a federal court clerk was entitled to immunity from a suit by a plaintiff alleging that the clerk intentionally delayed filing his complaint and lying about its whereabouts). Thus, plaintiff claims against the Eastern District of Missouri as well as Court clerks, employees, and judges are subject to dismissal.

Even if these defendants were not immune from suit, plaintiff has failed to state a claim against them. A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). That is, the complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). "While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions case in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, "[t]he essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Here, plaintiff's complaint fails to provide any indication of what these defendants did or did not do to harm him. Instead, his allegations consist of broad statements, vague and disconnected assertions, and legal conclusions regarding the dismissal of previous cases he filed in this Court. Plaintiff does not provide a factual basis for how the defendants violated his due process rights or subjected him to cruel and unusual punishment. Plaintiff has failed to provide a short and plain statement of his claim showing that he is entitled to relief, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2). He has also failed to present factual allegations sufficient to raise his right to relief above the speculative level. Therefore, for these reasons as well, plaintiff's claims against the "Eastern District of Missouri Federal Court, all employees and clerks plus Judges" and "Schaefer Michelle, Clerk of Court" are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this __8th__ day of July, 2021.

    \s\ Jean C. Hamilton
    JEAN C. HAMILTON
    UNITED STATES SENIOR DISTRICT JUDGE